In the Matter of the Claim of Steve Sutera, Respondent, against Benjamin Horowitz, Appellant, and Columbia Silver Co. Inc., et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal by the uninsured employer from a decision of the Workmen's Compensation Board which made an award of compensation against him. The issues raised on this appeal are whether the appellant is a subcontractor within the meaning of section 56 of the Workmen's Compensation Law and whether an employee-employer relationship existed between the claimant and the appellant. The appellant opened the shop in which the claimant worked in March of 1956. He borrowed a spinning lathe and entered into an agreement with respondent Herald Metals Mfg., Inc., whereby he was paid so much per piece for turning certain material on the lathe. He then hired the claimant to perform the work at so much per piece. The claimant was paid each week by the appellant

who was paid for the work by Herald Metals. In the course of his work on May 1, 1956 the claimant injured his eye. The board determined that the claimant was employed by the appellant, that the appellant was not a subcontractor under section 56 and made an award against the appellant who was uninsured. There is evidence here indicating that the appellant had the right to control, furnished the equipment which the claimant used and had the power to discharge the claimant. From this, and other criteria developd in the record, the board could properly find that the claimant was an employee of the appellant. The appellant contends that he is a subcontractor within the meaning of section 56 of the Workmen's Compensation Law which makes a contractor liable for compensation awards to the employees of an uninsured subcontractor. Section 56 speaks of a " contractor " who subcontracts all or a part of his " contract ". It has been held that a corporation which builds houses in its own name and lets out part of the work cannot be considered to be a contractor within the meaning of this section (*Matter of Skora* v. *Conservative Bldg. Corp.*, 249 N. Y. 519; *Matter of Dewhurst* v. *Simon*, 295 N. Y. 352). There is no evidence indicating that the articles involved here were being manufacturd by Herald Metals pursuant to a contract but rather it appears that they were of a kind which Herald Metals manufactured and then placed on the market for sale. Thus the board properly determined that the appellant was not a subcontractor under section 56. Decision and award unanimously affirmed, with one bill of costs to be divided equally between respondent Herald Metals and the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.